UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN M. RINDAL, et al.,<br><br>Plaintiff(s),<br>v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendant(s). | CASE NO. C26-2734-KKE<br><br>ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDERING PLAINTIFFS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED |

This matter comes before the Court on Plaintiffs Steven M. Rindal and Dorothy J. Rindal's motion for a temporary restraining order ("TRO").[1] Dkt. No. 4. Plaintiffs seek to halt certain construction activities on a part of their property that was previously condemned by the State of Washington for the construction of a fish passageway.

This appears to be the third federal lawsuit Plaintiffs have filed challenging the State's condemnation of part of their property and its associated construction plans. *See Rindal v. Washington* ("*Rindal I*"), 2:24-cv-01805-RAJ, Dkt. No. 33 (W.D. Wash. Aug. 5, 2025) (dismissing first case); *Rindal v. Washington* ("*Rindal III*"), No. 2:26-CV-00971-LK, 2026 WL 804156 (W.D. Wash. Mar. 23, 2026) (denying TRO motion and ordering Plaintiffs to show cause why second

[1] Defendants have not appeared in this case. And it appears Plaintiffs have not properly served their TRO motion under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P 5(b) (permitting service of motions by electronic means other than the court's electronic-filing system only when the recipient has consented in writing); Dkt. No. 4-3 (stating that Plaintiff Steven Rindal emailed the motion to Defendants' purported attorneys, but with no indication that Defendants consented to email service).

case should not be dismissed). Plaintiffs also attempted to remove the condemnation action itself to this Court. *Washington v. Rindal* ("*Rindal II*"), No. 2:25-CV-01347-TL, 2025 WL 3090028 (W.D. Wash. Sept. 26, 2025) (remanding condemnation action to state court). In each of these cases, Plaintiffs contended that the condemnation of their property violated their constitutional rights. They now seek a TRO enjoining construction activities "outside the boundary of the temporary construction easement" condemned by the State. Dkt. No. 4 at 1–2. The Court will deny their motion and order Plaintiffs to show cause why this case should not be dismissed on the same grounds as their most recent lawsuit.

**A. Plaintiffs' TRO Motion is Denied.**

Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court need not proceed past the first requirement because Plaintiffs have not shown they are likely to succeed on the merits.

In both *Rindal I* and *Rindal III*, the Court held that the doctrine of *Younger* abstention bars Plaintiffs' attempts to challenge the condemnation of their property or associated construction activities while their state court condemnation proceeding is pending. *See Rindal I*, 2:24-cv-01805-RAJ, Dkt. No. 33 at 4–5 (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *Rindal III*, 2026 WL 804156, at *1–2. *Younger* abstention requires federal courts to abstain "from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Hirsh v. Justs. of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995). As explained in *Rindal III*, the doctrine "applies if the state proceeding (1) is ongoing, (2) implicates important state interests, and (3) provides the plaintiff an adequate opportunity to litigate his federal claims." *Rindal III*, 2026 WL 804156, at *2 (quoting *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th

Cir. 2007)). In addition, "the policies behind the *Younger* doctrine must be implicated by the actions requested of the federal court." *AmerisourceBergen*, 495 F.3d at 1149.

Here, the Court need not repeat the *Younger* analysis as applied to Plaintiffs' claims for the third time. Plaintiffs' state court proceeding is still pending. *See Washington v. Rindal*, No. 24-2-00898-29 (Snohomish Cnty. Super. Ct.) (appeal docketed). Plaintiffs are unlikely to succeed on the merits because, for the same reasons stated in *Rindal I* and *Rindal III*, their claims are barred by *Younger* abstention.

**B. Plaintiffs Must Show Cause Why This Case Should Not Be Dismissed.**

As stated in *Rindal III*, "[b]ecause the Rindals seek damages in addition to declaratory and injunctive relief, … the Court must also determine whether this is the 'unique case' where dismissal rather than a stay is appropriate." *Rindal III*, 2026 WL 804156, at *3 (quoting *Gilbertson v. Albright*, 381 F.3d 965, 982 n.18 (9th Cir. 2004)). Dismissal is appropriate if the claims for damages are "plainly frivolous[.]" *Id.* (alteration in original). Plaintiffs' claims appear plainly frivolous for the same reasons stated in *Rindal III*: they are barred by the doctrine of claim preclusion. *Id.* ("Res judicata, or claim preclusion, 'is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" (quoting *Stratosphere Litig., LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002)).

**C. Conclusion**

For the same reasons stated in *Rindal III*, Plaintiffs are ORDERED to show cause no later than August 21, 2026 why this case should not be dismissed because they litigated and lost the same claims in *Rindal I* and *Rindal III*. The Court DENIES Plaintiffs' motion for a temporary restraining order. Dkt. No. 4.

//

//

Dated this 7th day of August, 2026.

Kymberly K. Evanson
United States District Judge